UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BOW DOWN, INC., a Florida corporation,

    Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, a foreign company,

    Defendant.

CASE NO.

## DEFENDANT MOUNT VERNON'S PETITION FOR REMOVAL

Defendant, MOUNT VERNON FIRE INSURANCE COMPANY ("Mount Vernon"), a Pennsylvania company, through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully requests that this Court remove the instant action, styled, *BOW DOWN, INC., v. MOUNT VERNON FIRE INSURANCE COMPANY*, Case No.: 50-2015-CA-000153, from the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (the "State Declaratory Judgment Action"), to the United States District Court for the Southern District of Florida, and as grounds therefor states as follows:

### INTRODUCTION

Plaintiff Bow Down has taken gamesmanship to new heights in an attempt to settle this dispute in its chosen forum. It has attempted to undermine the constitutionally granted power of this Court to hear cases sounding in diversity as well as the time-honored right of the plaintiff to choose the venue in which it wants to bring suit. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations").

CASE NO.

On or about May 17, 2014, O'Quan Reed ("Reed"), a fifteen-year-old boy, participated in a trip to the Douglas Rope Swing in Okeechobee, Florida, allegedly sponsored by Bow Down's youth group. Tragically, Reed died that day, allegedly due to drowning while using a zip line. On or about June 26, 2014, Mount Vernon was placed on notice that a claim had been made against Bow Down for Reed's wrongful death. The next day, Mount Vernon agreed to defend Bow Down under a reservation of rights.

On September 9, 2014, before the Estate of O'Quan Reed (the "Estate") had even filed a lawsuit, Mount Vernon filed a declaratory judgment action in the United States District Court for the Southern District of Florida (the "Federal Declaratory Judgment Action"). On October 1, 2014, the Estate filed suit against Bow Down, among others, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, case no. 2014-CA-012009 (the "Underlying Action"). Bow Down was not served with the complaint in the Underlying Action until early January. Then, after the Federal Declaratory Judgment Action had been pending in this Court for nearly *three months*, Bow Down filed the State Declaratory Judgment Action seeking a judgment on *exactly the same issues as the Federal Declaratory Judgment Action*, virtually concurrently with a motion to stay or dismiss in the Federal Declaratory Judgment Action, citing a "pending state action." Such gamesmanship by Bow Down in order to secure its desired forum is intolerable and cuts against the very nature of why our Founders granted federal courts the power to adjudicate disputes between citizens of different states.

At least as far back as 1809, the Supreme Court has weighed in on the policy regarding diversity jurisdiction, namely, that state courts may not be able to impartially adjudicate cases in which one of the parties is not a citizen of that state, and that bias against the foreigner may creep

- 2 -

CASE NO.

into the proceedings. In *Bank of U.S. v. Deveaux*, 9 U.S. (5 Cranch) 61, 87 (1809), the Supreme Court noted in an opinion authored by Justice Marshall:

> "However, true the fact may be, that the tribunals of the states will administer justice as impartially as those of the nation, to parties of every description, it is not less true that the constitution itself either entertains apprehensions on this subject, or views with such indulgence the possible fears and apprehensions of suitors, that it has established national tribunals for the decision of controversies…between citizens of different states."

This concern was repeated more recently in *Guaranty Trust of N.Y. v. York*, 326 U.S. 99, 111-12 (1945), where Justice Frankfurter wrote for the majority, drawing on the language of *Deveaux*:

> "Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias. The Framers of the Constitution, according to Marshall, entertained 'apprehensions' lest distant suitors be subjected to local bias in State courts, or, at least, viewed with 'indulgence the possible fears and apprehensions' of such suitors. And so Congress afforded out-of-State litigants another tribunal, not another body of law."

In filing its State Court Declaratory Judgment Act, Bow Down has engaged in conduct that blatantly undercuts the authority of the District Court to hear cases in diversity. In filing its State Court Declaratory Judgment Action, counsel for Bow Down may have violated Rule 4-3.2 of the Rules Regulating the Florida Bar, which requires that a lawyer make reasonable efforts to expedite litigation consistent with the interests of the client. Far from an exercise in efficiency and judicial economy, by forcing Mount Vernon to litigate two cases on the same issues at the same time, Bow Down has caused both Mount Vernon and themselves to wastefully expend resources that could have otherwise been used to conclude the Federal Declaratory Judgment Action that has been pending since September. In short, Bow Down appears to be unhappy that Mount Vernon acted quickly and responsibly to protect itself and settle the issue of coverage in a

- 3 -

CASE NO.

proper and convenient forum of its choosing. Regret, however, is not a proper basis for a remand. Accordingly, in the interests of judicial economy, fairness, and to discourage the shameless gamesmanship in which Bow Down has engaged, this Court should grant Mount Vernon's petition for removal and accept jurisdiction of this case.

**GROUNDS FOR REMOVAL**

State Court Action & Background

1. This is a civil action for declaratory judgment which has been filed in the Circuit Court in and for Palm Beach County, Florida. Palm Beach County is within the Southern District of Florida. Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" Mount Vernon, are attached hereto as **Composite Exhibit "A".**

2. The State Declaratory Judgment Action was filed by Plaintiff in the Circuit Court for Palm Beach County, Florida on or about January 8, 2015.

3. Defendant Mount Vernon's first knowledge or notice of the suit was on January 9, 2015, when a copy of the State Declaratory Judgment Action Complaint was included as an exhibit to a Motion to Dismiss filed by Bow Down in the Federal Declaratory Judgment Action presently pending before this Court, Case No. 9:14-cv-81157-DMM.

4. The Federal Declaratory Judgment Action was filed by Mount Vernon on September 9, 2014. The parties to the Federal Declaratory Judgment Action are identical to the parties in the instant action, as is the relief sought therein.

5. Defendant Mount Vernon received notice of service of the State Declaratory Judgment Action when it was mailed via electronic delivery from the office of the Chief

Financial Officer of the State of Florida, who accepted service on January 14, 2015, a copy of which is included herein as part of Composite Exhibit "A".

6. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the present action is one for declaratory judgment pursuant to an insurance policy issued by Mount Vernon. According to Plaintiff's complaint, Mount Vernon issued an insurance policy, bearing policy No. NPP2552980C, for the period of February 28, 2014 through February 28, 2015. A copy of the policy is attached to Plaintiff's Complaint as Exhibit "B". Plaintiff claims it is entitled to coverage under the policy for a claim made by LaTerrance Reed as Personal Representative of the Estate of O'Quan Reed and Mount Vernon has asserted that such coverage may not exist.

<u>Diversity of Citizenship</u>

7. At all times material hereto, Plaintiff Bow Down, Inc. is and was a Florida non-profit corporation with its principal place of business in West Palm Beach, Florida. Bow Down is and was a citizen of Florida.

8. At all times material hereto, Defendant Mount Vernon is and was a Pennsylvania corporation with its principal place of business in Wayne, Pennsylvania. Mount Vernon is and was a citizen of Pennsylvania.

9. Accordingly, there is complete diversity between Plaintiff and Defendant and this action may be removed to this Court by Defendant, as this Court possesses removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441. This Court has

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

Amount in Controversy

10. Title 28 of the United States Code, § 1332 states that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. The Mount Vernon policy at issue has limits of $1,000,000.00 per occurrence. *See* Plaintiff's Exhibit "B" to his Complaint, which is within Defendant's Composite Exhibit "A."

12. On June 18, 2014, LaTerrance Reed, as Personal Representative of the Estate of O'Quan Reed, made a demand against Bow Down for the limits of its general liability policy, which is attached heretofore as ***Defendant's Exhibit "B."*** The limits of the insurance policy are $1,000,000.00.

13. Furthermore, the underlying claim arises out of the wrongful death of a minor. The damages sought in the action brought on the Underlying Claim, attached hereto as ***Defendant's Exhibit "C,"*** includes loss to the decedent's father of the decedent's support and services; the pain and suffering of the decedent's father; medical and funeral expenses; and loss of prospective net accumulations. It is apparent that these claimed damages exceed $75,000.00.

14. As such, the amount in controversy exceeds $75,000.00.

15. Moreover, as mentioned in its Complaint, Plaintiff makes a demand for attorneys' fees pursuant to Florida Statute § 627.428. This additional claim for attorneys' fees further indicates Plaintiff's intent to seek total damages in excess of $75,000.00 (*See* Plaintiff's Complaint, attached within Composite Exhibit "A").

16. Fla. Stat. § 627.428 states, in pertinent part:

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

> "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

17.   When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy.

18.   Given the complexity and nature of this insurance coverage case, which will include discovery, motion practice and mediation(s), the amount of reasonable attorneys' fees and the amount of insurance coverage sought for the Underlying Claim would undoubtedly exceed the requisite $75,000.00 amount in controversy.

19.   Accordingly, combining the amount of claims at issue, including the attorneys' fees that Plaintiff seeks to recover, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs.

<u>Timely Filed</u>

20.   Defendant has filed this Petition for Removal within 30 days of Bow Down's Motion to Dismiss the Federal Declaratory Judgment Action, which was Mount Vernon's first notice of Bow Down's copy of the initial pleading, which gave the basis for removal. *See* 28 U.S.C. § 1446(b).

21.   In accordance with 28 U.S.C. § 1446(c), Defendant filed the instant Petition within one year from the date that the Complaint was filed and served.

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

22. Pursuant to 28 U.S.C. § 1446(d), Defendant, Mount Vernon, will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court for Palm Beach County, Florida.

Venue

23. Defendant seeks to remove to the United States District Court for the Southern District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district includes the place where the removed action has been pending.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States…

28 U.S.C. § 1441 reads, in relevant part, as follows:

(a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269

F.3d 1316, 1319 (11th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, (1936)); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (noting that if the amount in controversy is not facially apparent from the complaint, the removing party "may admit their own affidavits, declarations, or other documentation" to establish that removal is proper).  In the instant action, a demand for the $1,000,000.00 policy limits has been made in the underlying claim, attached hereto as **Exhibit "B"**.   Further, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010).  In *Roe*, the Eleventh Circuit upheld the district court's determination that a wrongful death case was worth more than the $75,000 based on common sense.  This action is also a wrongful death action arising out of the death of a minor child.  Common sense dictates that the damages awarded for the wrongful death of a minor will exceed the jurisdictional amount.

The instant action meets all the requirements for removal from the State Court to Federal Court.  This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendant's Petition for Removal was filed timely.

Further, "when a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808, n.4 (11th Cir. 2003); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Leslie v. Conseco Life Ins. Co.*, 2012 U.S. Dist. LEXIS 130508 (S.D. Fla. 2012) (noting that demand for attorneys' fees pursuant to section 627.428 of the

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

Florida Statutes was included in the amount in controversy); *Wilson v. Time Ins. Co.*, 2006 U.S. Dist. LEXIS 51181 (M.D. Fla. 2006) (same).

Accordingly, because Fla. Stat. § 627.428, which the Plaintiff cites in its Complaint against Defendant Mount Vernon authorizes the recovery of attorneys' fees, a reasonable amount of those fees should be included in the amount in controversy.

> Under Florida law, the award of attorney's fees in an insured's action against an insurer, upon rendition of judgment, is statutory. *See* FLA. STAT. § 627.428(1). . . "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) (finding that the terms of section 627.428 are an implicit part of every insurance policy); *see also Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670 (M.D. Fla. May 11, 2005) (including attorneys' fees to be incurred during discovery and trial); *Destel v. McRoberts Protective Agency, Inc.*, 2004 WL 746293 (S.D. Fla. 2004) (including attorneys' fees to be incurred for "conducting discovery, preparing for trial, and trying the case").

*Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351 (M.D. Fla. 2008); *see also Am. Sec. Ins. Co. v. Hall*, 2009 U.S. Dist. LEXIS 64223 (S.D. Fla. 2009) (noting reasonable attorneys' fees pursuant to Fla. Stat. § 627.428 to be incurred throughout trial was included in amount in controversy).

Accordingly, taking into account all elements of damages the Plaintiff seeks in its Complaint, including indemnification for a wrongful death claim and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this court has jurisdiction to hear this case.

WHEREFORE, Defendant, MOUNT VERNON FIRE INSURANCE COMPANY, petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman, Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Scott M. Migliori, Fla. Bar No. 99052
Email: smigliori@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101

## SERVICE LIST

Todd S. Stewart, Esquire
Todd S. Stewart, P.A.
824 West Indiantown Road
Jupiter, FL 33458
E-Mail: todd@trialcounselor.com; Alicia@trialcounselor.com
Telephone: (561) 743-2002
Facsimile: (561) 743-2009
***Attorney for BOW DOWN, INC***

4814-6510-5697, v.  2

- 11 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100