UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BOW DOWN, INC., a Florida corporation,

      Plaintiff,

v.

                                       CASE NO. 9:15-cv-80072

MOUNT VERNON FIRE INSURANCE
COMPANY, a foreign company,

      Defendant.

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant MOUNT VERNON FIRE INSURANCE COMPANY ("Mount Vernon"), by and through undersigned counsel, files this Motion to Dismiss Plaintiff's Complaint and in support thereof state as follows:

### Introduction

In a stunning waste of judicial resources, caused by the Plaintiff's attempt to subvert the federal judiciary's jurisdiction, this court now has pending before it two versions of the exact same case. For over a hundred years, the Supreme Court has mandated that when "there was concurrent jurisdiction in the two courts, and the substantive issues in the…suits were so far the same that the court first seised [sic] should proceed to the determination without interference." *Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 262 (1910). Eleventh Circuit precedent on this issue is likewise clear: "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Because jurisdiction over this issue rests with the court hearing the original

declaratory judgment action, which was undisputedly filed 121 days prior to the instant action, this court should dismiss this redundant action.

Plaintiff Bow Down, citing "judicial efficiency," is wasting the resources of this court by asking it to decide the same matter twice. On September 9, 2014, Defendant, Mount Vernon, filed an action before this court seeking the exact same relief the Plaintiff now requests in the present action. After being served with the earlier complaint, Bow Down requested that Mount Vernon exercise its professional courtesy and allow it time to respond to the first-filed action. Rather than using the courtesy Mount Vernon extended it to prepare an Answer, Bow Down instead abused Mount Vernon's trust by filing a second declaratory judgment action in state court, and then filed a motion to dismiss Mount Vernon's action on the basis of "judicial efficiency", citing the "pending state action." Such actions were not in the interest of efficiency, fairness, or justice—how could they be, when the First Declaratory Judgment Action had been pending in this District for *121 days* before the Second Declaratory Judgment Action was filed? Rather, this was merely a further stalling tactic designed to prevent the swift adjudication of this matter.

Mount Vernon filed the First Declaratory Judgment Action to protect itself and its insured by seeking an expeditious adjudication of the rights and responsibilities between the parties, having already received a demand for the policy limits.  As a citizen of a foreign state, Mount Vernon invoked the diversity jurisdiction of this court, which is designed to protect citizens of other states from any potential biases in the state courts.  Instead of allowing the First Action to move forward and allow the parties to resolve this dispute, Plaintiff filed a separate action, resulting in the very opposite of judicial economy; there are now two declaratory judgment actions before this court, with the exact same parties, seeking the exact same relief, and

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

completely identical in all meaningful respects.  In support of its actions, Plaintiff has claimed that the state of Florida has an interest in protecting its citizens by adjudicating matters involving its citizens.  Any alleged interest that Florida may have in protecting its citizens weighs in favor of the federal court's exercise of jurisdiction, as the potential that a state will favor its citizens over non-residents is the very basis for the Constitution's creation of diversity jurisdiction.

Allowing this action to stand will reward the Plaintiff for filing a second, frivolous lawsuit to avoid adjudication of an earlier filed suit.  Mount Vernon acted responsibly by promptly filing a declaratory judgment action when it determined that the parties herein would be unable to resolve this dispute absent judicial intervention.  Exactly 121 days after this action was filed, Plaintiff filed the instant action, which seeks the exact same relief and includes exactly the same parties.  Plaintiff then asked that this court dismiss the First Declaratory Judgment Action in favor of allowing this new action to proceed.  *If the Second Declaratory Judgment Action is allowed to replace the first action, no declaratory judgment Plaintiff will ever be able to feel secure in its invocation of jurisdiction until the litigation concludes*.  Under Plaintiff's logic, at any time a defendant to a declaratory judgment action should be allowed to file a new action and have the original action dismissed, effectively allowing it to wipe the slate clean and begin the proceedings anew in a forum that may be more favorable.  This result flies in the face of the principles behind both the exercise of discretionary jurisdiction and the principles of the first-filed rule.  Both of these rules are designed to protect comity between and among the state and federal judiciaries and to prevent the possibility of two conflicting verdicts.

Therefore, binding Eleventh Circuit precedent requires that this Court dismiss this lawsuit as duplicative, pursuant to the first-filed rule, which holds that, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption

across the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

## **Grounds for Dismissal**

1.      On September 9, 2014, Defendant filed a Complaint for Declaratory Relief in the United States District Court for the Southern District of Florida, seeking an adjudication of its rights and responsibilities pursuant to an insurance policy issued to Plaintiff, BOW DOWN, INC. ("Bow Down") *See v. Mount Vernon Fire Insurance Company v. Bow Down, Inc.*, Case No. 9:14-cv-81157-DMM ("First Declaratory Judgment Action").

2.      This occurred *121 days* before Bow Down's Second Declaratory Judgment Action was filed. *See Bow Down, Inc. v. Mount Vernon Fire Ins. Co.*, Case No. 2015 CA 000153 ("Second Declaratory Judgment Action") (filed on January 8, 2015).

3.      Defendant filed its Complaint based on its receipt of a claim from its insured and a request for it to participate in a pre-suit mediation. Bow Down tendered a demand for the $1,000,000.00 policy limits sent by LaTerrance Reed as Personal Representative of the Estate of O'Quan Reed ("Reed Estate"). *See* Petition for Removal, Exhibit B.

4.      Despite having requested the parties attend a pre-suit mediation, the Reed Estate filed, but did not serve, an action against Bow Down and various other defendants on October 1, 2014. This action is styled *LaTerrance Reed, as Personal Representative of the Estate of O'Quan Reed, deceased, v. Bow Down, Inc., Urban Youth Impact, David R. Douglas, Carolyn F. Douglas, Sandra Leigh Erneston, and Dark Hammock Preserve, Inc.*, Case No. 50 2014 CA 012009 XXXX MB AG, currently pending in the 15th Judicial Circuit in and for Palm Beach County, Florida ("Underlying Action").

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

5.      This occurred approximately *99 days* before Bow Down's Second Declaratory Judgment Action was filed. *See* Second Declaratory Judgment Action (filed on January 8, 2015).

6.      On November 3, 2014, Bow Down was served with the Complaint in the First Declaratory Judgment Action through its registered agent. Shortly before its responsive pleading was due, Bow Down requested an extension of time to retain counsel to respond to the Complaint, to which Mount Vernon agreed. *See* First Declaratory Judgment Action, Notice of Filing Return of Service [D.E. 13].

7.      This occurred *66 days* before Bow Down's Second Declaratory Judgment Action was filed. *See* Second Declaratory Judgment Action (filed on January 8, 2015).

8.      Mount Vernon is not a party to the Underlying Action and was not aware that a Complaint had been filed until just prior to the unsuccessful "pre-suit" mediation, which took place on January 7, 2015. *See* Second Declaratory Judgment Action, Complaint, Exhibit A.

9.      One hundred twenty one days after Mount Vernon filed the First Declaratory Judgment Action and just a day after the conclusion of the unsuccessful "pre-suit" mediation, on January 8, 2015, Bow Down filed its own declaratory judgment action ("Second Declaratory Judgment Action") in state court in an unabashed attempt to further delay these proceedings and in contempt for the courtesy Mount Vernon extended when it agreed to additional time for Bow Down to respond to the Complaint. *See* Second Declaratory Judgment Action (filed on January 8, 2015).

10.      On January 22, 2015, Defendant properly removed the Second Declaratory Judgment Action to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Petition for Removal.

- 5 -

11.     The Second Declaratory Judgment Action includes exactly the same parties as the First Declaratory Judgment Action and seeks exactly the same relief. This action is thus duplicative and is an attempt to interfere with the litigation which is already pending before this court. *See* Second Declaratory Judgment Action.

12.     The Court should dismiss the instant action because this exact claim is already being adjudicated in an earlier filed action.

13.     Under the First-Filed Rule, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

14.     There is no dispute that Mount Vernon filed its action 121 days prior to the filing of the instant action.  Furthermore, the First Declaratory Judgment Action was not filed in anticipation of an action being filed against Mount Vernon, but was filed by Mount Vernon to determine the rights of the parties after it had reserved its rights.

15.     The presumption in favor of the first-filed action is so strong that the Eleventh Circuit has held that "compelling circumstances" are required to overcome it. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule.").

16.     There are no compelling circumstances which would suggest abandoning the first-filed rule in this case as there is no valid explanation for Bow Down's decision to file a separate case identical to one which is already pending.

- 6 -

17.     The only logical explanation for filing the Second Declaratory Judgment Action is to engage in blatant impermissible forum shopping in an attempt to subvert federal judiciary's authority as granted by Article III of the United States Constitution and 28 U.S.C. § 1332 and obtain a hearing in a state court where Bow Down's counsel is admittedly well-known by judges and in the community.

18.     Mount Vernon, on the other hand, affirmatively filed the First Declaratory Judgment Action in federal court by duly and properly invoking the diversity jurisdiction to which it is entitled as a citizen of a foreign state. *Guaranty Trust of N.Y. v. York*, 326 U.S. 99, 111 (1945) ("Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias.").

19.     Thus, binding Supreme Court precedent, *Rickey Land*, 218 U.S. at 262, binding Eleventh Circuit precedent, *Manuel*, 430 F.3d at 1135, as well as the fair administration of justice require that the instant action be dismissed with prejudice because these claims are already being adjudicated in this federal court.

## **Memorandum of Law**

The Supreme Court of the United States first recognized the first-filed rule over one hundred years ago.  *See Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 262 (1910). The rule was recognized by the Fifth Circuit prior to the creation of the Eleventh Circuit.  *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971); *In re Georgia Power Co.*, 89 F.2d 218 (5th Cir. 1937). The Eleventh Circuit has recognized the validity of the first-filed rule and its importance in preserving judicial resources and preventing conflicting verdicts. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Collegiate Licensing Co. v. Am. Cas.*

*Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *Southern Mills, Inc. v. Nunes*, 586 Fed. App'x 702 (11th Cir. 2014). In other words, the first-filed rule has become a bedrock principle of American jurisprudence and "should not be disregarded lightly". *See Manuel*, 430 F.3d at 1135 (quoting *Church of Scientology of Cal. v. United States Dep't of Defense*, 611 F.2d 738, 750 (9th Cir. 1979)).

The case at bar is an action for declaratory relief.  Plaintiff, Bow Down, seeks a declaratory judgment that there is coverage under the policy issued by Defendant Mount Vernon, for a claim arising out of the unfortunate death of a fifteen-year-old boy. This is, of course, the exact mirror of the First Declaratory Judgment Action filed by Mount Vernon. Mount Vernon thus agrees that there is a dispute between the parties as to the existence of coverage, and that the courts should enter a declaratory judgment setting forth the rights and responsibilities of the parties under the insurance policy. It is for this very reason that Mount Vernon brought its own declaratory judgment action 121 days before Bow Down filed the instant action.  Mount Vernon brought the First Declaratory Judgment Action after receiving a demand for its policy limits.  At the time that action commenced, no suit had been filed against its insured but Mount Vernon had agreed to provide defense counsel and participate in a pre-suit mediation.  Based on the factual circumstances which led to the Underlying Claim, Mount Vernon does not believe its policy provides any coverage for this claim and reserved its rights to deny coverage.  In order to expedite the resolution of the Underlying Claim, Mount Vernon brought the First Declaratory Judgment Action to determine the rights and responsibilities of the parties under the insurance policy.

One hundred twenty one days after the First Declaratory Judgment Action was filed, Bow Down filed the instant action seeking its own declaration regarding the rights and responsibilities

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

of the parties under the insurance policy.  This Second Action involves exactly the same parties and exactly the same Underlying Action as the First Declaratory Judgment Action already pending in this District.  Pursuant to the first-filed rule, this court is precluded from exercising its jurisdiction over a matter already pending in the federal courts absent "compelling circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Melillo v. Shendell & Assocs., P.A.*, No. 11-62048-CIV, 2012 WL 253205, at *2 (S.D. Fla. Jan. 26, 2012); *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997).  This rule requires the latter case be dismissed in favor of the first-filed case. *Manuel*, 430 F.3d at 1135; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").  Although the rule is usually applied to separate federal courts, this Court has held that it applies to two actions pending in the same district before the same judge. *See Bodywell Nutrition, LLC v. Fortress Systems, LLC*, 846 F. Supp. 2d 1317 (S.D. Fla. 2012) ("The first-filed rule technically applies where two cases are filed in separate federal courts. […] However, the purpose of the first-filed rule—to avoid inconsistent verdicts—would be served by nevertheless applying the first-filed rule herein.").

There are no compelling circumstances in this case that would require deviating from the first-filed rule. As previously noted, this Second Action involves exactly the same parties and exactly the same Underlying Action as the First Declaratory Judgment Action already pending in this District. There are no material differences between the First and Second Declaratory Judgment Actions. The primary compelling circumstance for courts to consider in the declaratory judgment context is whether the first action was filed in apparent anticipation of the other pending proceeding. *See Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Cir. 1982).  The First Declaratory Judgment Action was plainly not anticipatory.  Mount Vernon filed the First Declaratory Judgment Action well before the Underlying Action had even been filed, much less the Second Declaratory Judgment Action presently at bar.  Plaintiff did not even retain counsel until after it was served with the First Declaratory Judgment Action, so there was certainly not an imminent threat of litigation. Bow Down had been on notice of Mt. Vernon's denial of coverage for months, and had failed to act. Therefore, pursuant to the first-filed rule, and in the absence of compelling circumstances, this action must be dismissed with prejudice because this exact action is already pending before the court.

In filing the Second Declaratory Judgment Action, Bow Down has engaged in conduct that blatantly undercuts the authority of the District Court to hear cases in diversity.  Mount Vernon, as a citizen of a foreign state, invoked its right to request relief from the federal courts as created by Article III of the Constitution and 28 U.S.C. § 1332.  Bow Down filed this action, knowing that it requested exactly the same relief as was sought in the First Declaratory Judgment Action, and then requested that the First Action be dismissed.  This is the exact opposite of the principles set forth in the first-filed rule, which states that the court who first held jurisdiction should determine the outcome of the action.  In essence, Bow Down is arguing that, any time a defendant in a declaratory judgment action is unhappy with how the action is proceeding or how the Plaintiff has framed the issues, it should be allowed to file its own lawsuit and dismiss the action against it.  This allows a defendant to wrest control of a lawsuit from the party who acted responsibly in filing the declaratory judgment action.  It allows a defendant to wipe clean the slate if it appears that the action will not be decided in its favor.  Finally, it undermines the power of the federal judiciary and creates uncertainty by raising the possibility that, at any time, a federal declaratory judgment action may be dismissed for no other reason than because the

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

defendant would prefer to be the plaintiff and have its case decided in a more favorable forum. Bow Down has raised the claim of judicial efficiency, but has instead wasted judicial resources and attempted to delay the adjudication of this action. Such litigation tactics should not be tolerated, in the federal courts or in any other court of these United States.   Therefore, the frivolous action filed by Bow Down should be dismissed with prejudice.

## <u>Conclusion</u>

If the Second Declaratory Judgment Action is allowed to replace the first action, no declaratory judgment Plaintiff will ever be able to feel secure in its invocation of jurisdiction until the litigation concludes.  Bow Down should not be rewarded for gamesmanship intended to subvert the federal judiciary's jurisdiction. Binding Eleventh Circuit precedent requires that this Court dismiss this lawsuit as duplicative, pursuant to the first-filed rule.  Moreover, the powerful wave of public policy considerations washes its truth upon this matter and compels that Bow Down's complaint is dismissed.   If Bow Down's complaint is not dismissed, this Honorable Court would effectively nullify Article III, the statutory authority of the legislature, and the learned decisions of our courts interpreting this authority.

WHEREFORE, Mount Vernon respectfully requests that this Court dismiss this action with prejudice because these exact issues are being adjudicated in an earlier filed action, and award Mount Vernon the reasonable fees and costs expended in needless defense of this patently frivolous suit.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 9:15-cv-80072

Respectfully submitted,

s/ Rory Eric Jurman

Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101

4816-1355-7793, v.  2