UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:15-CV-80072-JIC

BOW DOWN, INC., a Florida corporation,
Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, a foreign company,
    Defendant.
_____/

## MOTION TO DISMISS OR STAY COUNTERCLAIM AND MOTION FOR LEAVE TO DISMISS MAIN ACTION

The Plaintiff, BOW DOWN, INC. (hereinafter "BOW DOWN"), by and through its undersigned counsel, files its Motion to Dismiss or Stay Counterclaim and Motion for Leave to Dismiss Main Action and as grounds therefore states as follows:

### PROCEDURAL HISTORY AND BACKGROUND

This case has a lengthy history. It began with a federal declaratory relief action by MT. VERNON filed on September 9, 2014. (Case No. 9:14-cv-81157-DMM)("Federal I"). That action sought a declaration that MT. VERNON had no duty to defend or indemnify its insured, BOW DOWN, for claims arising out of a state court wrongful death action. When BOW DOWN filed its own declaratory relief action in state court seeking the opposite determination[1], MT VERNON removed it to this Court. (The instant action)("Federal II").

Believing that neither action was proper in federal court, BOW DOWN moved to dismiss Federal I and to remand Federal II. This Court denied both motions, citing the lack of a pending parallel state court proceeding. (Federal I, DE 18; Federal II, DE 16).

---

1 Which BOW DOWN anticipated consolidating with the state wrongful death action.

THE LAW OFFICES OF TODD S. STEWART, P.A.

Case 9:15-cv-80072-RLR   Document 21   Entered on FLSD Docket 04/24/2015   Page 2 of 9

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

Following those orders, MT. VERNON dismissed Federal I (Federal I, DE 19) and filed an Answer and Counterclaim in Federal II (Federal II, DE 14). MT. VERNON's Counterclaim alleges essentially the same claim and seeks the same relief that it sought in Federal I (and opposite relief of BOW DOWN).

To remedy the absence of a parallel state court proceeding, BOW DOWN moved the state court for leave to file a third-party declaratory relief action against MT. VERNON as a part of the state court wrongful death case. BOW DOWN's state court third-party claim is essentially a mirror image the claims in the instant case. (Motion and Third-Party action attached as Ex. A). On April 22, 2015, the state court granted that motion (BOW DOWN will supplement with executed Order upon receipt). There is now a pending parallel state court action to this case.

Against this background, BOW DOWN moves to dismiss or stay MT. VERNON's counterclaim and for leave to dismiss the main action.[2] The motion to dismiss and/or stay the counterclaim should be granted because federal jurisdiction over a declaratory relief action is discretionary, there is a pending parallel state court proceeding that will result in a complete adjudication of all the issues raised in the counterclaim and the issues involved in the counterclaim do not involve any questions of federal law or any other "uniquely federal" issues but rather will be decided under state-law contract principles.[3] The motion for leave to dismiss

---

[2]  The motion for leave to dismiss the main action is necessary since MT. VERNON has filed an Answer. See Fed. R. Civ. P. 41(a)(1)(A)(i).

[3]  This Court has issued similar Orders in cases with nearly identical facts, including one against this same Defendant. *See attached Orders in Mount Vernon Fire Insurance Company v. 8010 South Lake Drive, LLC* and *Alfred Mohammed & Liberty Mutual Fire Insurance Company*

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Case 9:15-cv-80072-RLR   Document 21   Entered on FLSD Docket 04/24/2015   Page 3 of 9

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No. 14-81157-Civ-Middlebrooks/Brannon

the main action should be granted because, once the counterclaim has been dismissed or stayed, judicial economy would best be served by having all issues resolved in one action before one judge.[4]

## MEMORANDUM OF LAW

The Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, permits, but does not require, federal courts to grant declaratory relief. The Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). District courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

In *Brillhart*, 316 U.S. at 495, the Supreme Court cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in the state court presenting the same issues, not governed by federal law, between the same parties." In deciding whether to dismiss or stay a declaratory judgment lawsuit, the district court must first determine whether the state court proceeding involves the same issues between the same parties as the pending federal court action. In this case, the same parties and the same issues are involved in both the State Court Third-Party

---

*v. Mary Ann Reina et.al.* attached as Composite Exhibit B.

4   It is immaterial whether MT. VERNON objects to this request since the counterclaim is not dependent on the existence of the main claim and, in any event, the counterclaim should be dismissed.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

3

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

Declaratory Action Judgment and this action.

This Motion is controlled by the principles set forth in *Ameritas Variable Life Ins. Co. v. Roach*, *supra*.  The Court listed nine factors to aid the determination of whether to exercise discretionary jurisdiction. Any fair examination of all of the factors dictates dismissal.

First, Florida's interest in having the issues raised is paramount. Florida has a substantive interest in the application of its laws. See *Fed. Ins. Co. v. Hamptons at Metrowest Condo. Ass'n, Inc.*, No. 6:13-CV-1087-ORL-37, 2014 WL 299107, at *3 (M.D. Fla. Jan. 28, 2014)("The state court, which presided over the lengthy litigation of the underlying claims, is in a better position to evaluate the factual issues necessary to the indemnity determination."); *Lincoln Ben. Life Co. v. Look*, No. 2:05-CV-0353-FTM, 2006 WL 3734331(M.D. Fla. Dec. 15, 2006)(finding that "Florida state courts undoubtedly have a substantial interest in deciding the issues raised in this lawsuit [as] [t]he underlying state action is being litigated in Florida state court, and any ruling on . . . coverage obligation in this action would have profound and preclusive effects on the state court litigation."), *see also Bright House Networks, LLC v. Pinellas Cnty*. 8:14-cv-1237-T-33TBM (M.D. Fla., September 25, 2014); *Hartford Fire Insurance Company v. Tonya Donahue and Donna Cardellino*, LLC 8:14-cv-829-T-30AEP (M.D. Fla, July 23, 2014). Since MT. VERNON sought and was allowed to sell insurance policies in Florida to Floridians, it can hardly argue that it did not subject itself to Florida's interests. Furthermore, Florida law governs the substantive issues presented in the instant action – not federal law – which gives Florida a substantial interest in having these issues decided in state court. See *Mt. Hawley Ins. Co. v. Park*

Case 9:15-cv-80072-RLR   Document 21   Entered on FLSD Docket 04/24/2015   Page 5 of 9

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

*Ave. At Metrowest, Ltd.,* No. 6:13-CV-556-ORL, 2013 WL 6858946 (M.D. Fla. Dec. 30, 2013)(finding in favor of abstention).

Second, any judgment in the federal forum will not settle the entire controversy. Under federal law, "duty to indemnify" is not even ripe for adjudication. In *Smithers Construction, Inc. v. Bituminous Casualty Corp.*, 563 F.Supp.2d 1345 (S.D. Fla. 2008), the court recognized that "an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Id*. at 1348, citing *Atl. Cas. Ins. Co. v. GMC Concrete Co.*, 2007 U.S. Dist. LEXIS 90428; 2008 WL 4335499, at 2. See also *Southern Coatings, Inc. v. Century Sur. Co.*, 2008 U.S. Dist. LEXIS 28374; 2008 WL 954178; *Penn Millers Ins. Co. v. AG-Mart Produce, Inc.*, 2006 U.S. LEXIS 72693; 2006 WL 2864402; and *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001).

Third, as pointed out above, while the federal declaratory action would clarify some of the issues involved, it would only do so partially and in a piecemeal fashion.

Fourth, although MT. VERNON has suggested it seeks an expedited determination of its duties, it requested a trial date over one year away [DE 12] and inexplicitly took a Voluntary Dismissal of its Declaratory Action [Case No. 9:14-cv-81157-DMM, DE 19][5] following this Court's denial of BOW DOWN's Motion to Dismiss Federal I.

Fifth, if allowed to proceed in both Courts, there is an inherent potential for friction between the federal and state courts "in having double-tracked, near-identical litigation pending

---

5 Which was set for trial during the trial period beginning June 15, 2015.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

5

Case 9:15-cv-80072-RLR   Document 21   Entered on FLSD Docket 04/24/2015   Page 6 of 9

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

in both federal and state courts, such that the first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations." *Lexingon Ins. Co. v. Rolison,* 434 F.Supp.2d 1228, 1241 (S.D. Ala. 2006).

Sixth, state jurisdiction provides a better remedy since a consolidated state action will resolve all issues between the parties in a more comprehensive, effective way. BOW DOWN is seeking a complete adjudication of all issues in one forum, thus streamlining the discovery process (many of the same depositions currently being scheduled in this Declaratory Action will also need to be taken in the wrongful death action). Having all matters adjudicated in the same forum will promote judicial economy. To the contrary, adjudicating these matters in separate forums will increase costs, promote delay, and waste judicial resources since at least some of the discovery and rulings in the wrongful death action will necessarily be duplicated here.

Seventh, the issue of whether the insurance policy exclusions apply will likely turn on the facts of the drowning, thus the underlying factual issues (from the state wrongful death case) are important to an informed resolution of this case.

Eighth, the state trial court is in a better position to evaluate those factual issues than is the federal court as it will have all the parties and issues before it. *Mt. Hawley Ins. Co. v. Sarasota Residences, LLC,* 714 F.Supp.2d 1176, 1181 (M.D. Fla. 2010) (abstention was appropriate in part because the resolution of insurance policy coverage issues involved questions of fact that would be better understood by the state court proceeding over the underlying claim).

THE LAW OFFICES OF TODD S. STEWART, P.A.

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

Ninth, while Florida has a public policy consideration in adjudicating insurers that voluntarily chose to come to Florida and sell insurance policies to Floridians, there is no federal common or statutory law at issue. The instant issues do not involve federal law or implicate any federal policy. Therefore, this final factor also favors dismissal or stay of the counterclaim. *See Lincoln Ben. Life Co.,* 2006 WL 3734331, at *6; *St. Paul Fire & Marine Ins. Co.,* 2005 WL 2739141, at *9 (state court had a particularly strong interest in deciding contract issues governed by state law that were also raised in a federal declaratory judgment action).

Based on all the factors discussed above, BOW DOWN respectfully submits that this Court does not have a compelling interest in the coverage issues to be decided between the parties, that the interests of Florida law predominate over any federal interest in this case and that the pending state third-party declaratory action judgment is a better forum in which to resolve all of the issues amongst the parties.

## CONCLUSION

For the reasons discussed above, this Court should dismiss or stay MT. VERNON's Counterclaim. This Court should also grant leave to dismiss the main action.

### Certification of Good Faith Conference

Undersigned counsel certifies that opposing counsel was contacted in an effort to resolve

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

the issues presented in this motion, but were unable to resolve the issues presented herein.

>Respectfully submitted,
>
>TODD S. STEWART, P.A.
>
>_____
>The Law Offices of Todd S. Stewart, P.A.
>FL Bar No.: 0940674
>824 West Indiantown Road
>Jupiter, FL  33468
>(561) 743-2002
>Attorney for Plaintiffs
>Primary: Todd@TrialCounselor.com
>Secondary: Alicia@TrialCounselor.com

Motion to Dismiss or Stay Counterclaim
and Motion for Leave to Dismiss Main Action
Case No.  14-81157-Civ-Middlebrooks/Brannon

## SERVICE LIST
## MOUNT VERNON FIRE INSURANCE COMPANY v. BOW DOWN, INC.,
### Case No.: 9:15-CV-80072-JIC

**TODD S. STEWART, ESQ.**
The Law Offices of Todd S. Stewart,
P.A. 824 W Indiantown Road
Jupiter, Florida 33458
Todd@trialcounselor.com
Alicia@trialcounselor.com
*Via Electronic Mail and/or Regular U.S. Mail*

**ROBERT C. OKON, ESQ.**
Clarfield, Okon, Salmone & Pincus, P.L.
500 Australian Avenue South, Suite 730
West Palm Beach, FL 33401
Telephone: (561) 713-1400
Facsimile: (888) 449-3555
rokon@cosplaw.com
rhollingsworth@cosplaw.com
*Via Electronic Mail and/or Regular U.S. Mail*

**RORY ERIC JURMAN, ESQ.**
Fla. Bar No. 194646
Email: rjurman@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*
**AARON M. DMISZEWICKI, ESQ.**
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*
**STEPHEN R. GROSS, ESQ.**
Fla. Bar No. 27849
Email: sgross@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*

**FOWLER WHITE BURNETT, P.A.**
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

**THE LAW OFFICES OF TODD S. STEWART, P.A.**