UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BOW DOWN, INC., a Florida corporation,

    Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE COMPANY, a foreign company,

    Defendant.

CASE NO. 9:15-cv-80072-DMM

## DEFENDANT MOUNT VERNON'S MOTION TO COMPEL BOW DOWN TO CEASE AND DESIST SERIAL DILATORY LITIGATION TACTICS

Defendant, MOUNT VERNON FIRE INSURANCE COMPANY ("Mount Vernon"), by and through undersigned counsel, hereby files this Motion to Compel Bow Down to Cease and Desist Serial Dilatory Litigation Tactics pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Local Rule 7.1(e), and the inherent equitable power of this Court, and in support thereof states as follows:

### Background

Bow Down's actions in conjunction with Mount Vernon's rights to seek declaratory judgment and to choose its venue in this matter have been, quite frankly, deplorable. Despite having previously twice litigated the issue of jurisdiction and despite already twice obtaining a ruling thereon, Bow Down <u>once again</u> has attempted to usurp this Honorable Court's authority to hear actions arising in diversity.

On April 24, 2015, three days before Bow Down's Answer to Mount Vernon's counterclaim was due (and merely days after representing that Bow Down would be responding to the counterclaim move the case forward, *see* Declaration of Stephen R. Gross, Esq., attached

heretofore as **Exhibit "A"**), counsel for Bow Down sent an email, attached heretofore as **Exhibit "B"**, indicating that he had already:

> A.　filed a motion to file a third party complaint in the underlying state court action;
>
> B.　obtained an order to file the third party complaint; and
>
> C.　would be filing a motion to dismiss Mount Vernon's counterclaim.

Just over three hours after sending this email, before Mount Vernon even had a reasonable opportunity to respond much less confer, Bow Down filed its Motion to Dismiss or Stay Counterclaim and Motion for Leave to Dismiss Main Action [D.E. 21].[1] In this Motion, counsel for Bow Down certified, pursuant to Local Rule 7.1, that "Undersigned counsel certifies that opposing counsel was contacted in an effort to resolve the issues presented in this motion, but were unable to resolve the issues presented herein." Although Mount Vernon unquestionably would not have consented to the relief sought by Bow Down, such disregard of this Court's order and the Local Rules of this Court should not be tolerated.

Mount Vernon now seeks this relief, as it should not be relegated to yet again defending against multiple unreasonable and vexatious claims asserted by Bow Down. The very same issue was already litigated before this Court, and Bow Down, unhappy with the result has yet again undertaken these serial, dilatory actions. Relief is sought to avoid further delay in the administration of justice and the timely conduct of discovery and resolution of an otherwise straightforward coverage action properly pending before this Court. In short, Mount Vernon

---

[1] Procedural history aside, this motion is essentially an exact copy of the Motion to Dismiss or Stay Bow Down filed in the 2014 Case. *See Mount Vernon Fire Ins. Co. v. Bow Down, Inc.*, Case No. 9:14-cv-81157-DMM, [D.E. 9].

seeks to avoid the multiplied costs of seeking additional relief after further attention is given to Bow Down's attempt to further prolong this litigation.

This case has a long and convoluted procedural history. In fact, procedural history is virtually all this case has, as nearly eight months after Mount Vernon first brought suit against Bow Down, Bow Down has still not filed an answer to any of Mount Vernon's allegations. Instead Bow Down has engaged in repeated attempts to delay litigation, obfuscate the issues and otherwise avoid federal court jurisdiction. As such, one is left to wonder why Bow Down is trying so vehemently to have these issues, first instituted by Mount Vernon in federal court, decided in state court instead.

This matter arises out of the drowning death of a minor ("Reed") on May 17, 2014, while on a youth group outing sponsored by Bow Down. On or about June 26, 2014, Mount Vernon was placed on notice that a claim had been made against Bow Down for Reed's wrongful death. The next day, Mount Vernon agreed to defend Bow Down under a reservation of rights.

On September 9, 2014, **before** Reed's Estate (the "Estate") had even filed a lawsuit, Mount Vernon filed a declaratory judgment action in the United States District Court for the Southern District of Florida (the "2014 Case") – with style *Mount Vernon Fire Insurance Company v. Bow Down, Inc.*, Case No. 9:14-81157-DMM. After the 2014 Case had been pending for *three months*, Bow Down filed this action (the "2015 Case"), initially in state court, seeking a declaratory judgment on *exactly the same issues as the First Declaratory Judgment Action* ("2014 Case"). Mount Vernon properly removed that action [D.E. 1], and defeated Bow Down's motion for remand [D.E. 16]. Because the 2014 Case did not include the copy of the underlying complaint (as it had not been filed at the time the 2014 Case was filed) and in an effort to avoid further gamesmanship by Bow Down ( the 2015 Case is based upon Bow Down's

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

own complaint), Mount Vernon subsequently made the strategic decision to dismiss the 2014 Case and file an answer, affirmative defenses, and counterclaim in the 2015 Case. [D.E. 14]. With the pleadings simplified, with both sides asserting their allegations in a single case, and with Mount Vernon having prevailed on jurisdictional grounds (in both the 2014 and 2015 Cases), it appeared that the resolution of this matter would finally move forward.

Mount Vernon, apparently, was wrong. Bow Down, clearly fixated on obtaining a ruling in a jurisdiction it considers to be more favorable, has essentially put the parties exactly where they were in January, with Mount Vernon forced to defend against a baseless and frivolous ***Third*** Declaratory Judgment Action, no different than any claim now pending in the 2105 Case, save for the unilateral selection of jurisdiction. Furthermore, the parties in the underlying action have been attempting to blur the lines between the two cases and improperly consolidate discovery by filing cross-notices of depositions, attached heretofore as **Composite Exhibit "C".**[2]

In short, Bow Down has engaged in delay tactics every step of the way in order to prolong a defense to which they are not entitled. They have misrepresented their intentions to Mount Vernon over and over again. Finally, Bow Down has demonstrated by its actions that it affords no weight to the orders of this Court, and intends to continue filing frivolous declaratory judgment actions, changing nothing but the jurisdiction, until it obtains its preferred venue. If justice is to be done, this Court must act. Such serial dilatory and vexatious litigation tactics cannot be allowed to continue.

---

[2] Mount Vernon also intends to file a Motion for Protective Order with respect to these cross-notices.

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## Memorandum of Law

Disobeying a court order is a sanctionable offense. *See Props. Int'l Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983). A court may exercise its inherent power to sanction where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Glatter v. Mroz* (*In re Mroz*), 65 F.3d 1567, 1575 (11th Cir. 1995).

Furthermore, 28 U.S.C. § 1927 provides that:

> "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The plain language of the statute sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings"; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). All of the conditions for satisfying an award of appropriate sanctions have been met.

There is no question that Bow Down has engaged in conduct that has "multipli[ed] the proceedings." Indeed, the third-party claim is the *second* declaratory judgment action Bow Down has improperly filed in state court, and was filed while *its own claim* was still pending before this Court. This conduct certainly multiplies the proceedings, as Mount Vernon is again and again forced to respond to each of the new litigations filed by Bow Down. The conduct is vexatious, as Mount Vernon is repeatedly forced to delay litigation of the claim, instead responding to litigation thereafter filed in other jurisdictions over and now over again. This

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

further delays discovery and the federal court proceedings, which have been confirmed properly before this Court.

Finally, Bow Down's activity is unreasonable, as this Court has already issued Orders dismissing a similar prior attempt to wrongfully divest this Court of jurisdiction. This Court was clear in its prior Orders and Mount Vernon even contacted Bow Down to confirm their desire and understanding to proceed with the coverage action in federal court. Yet Bow Down again tries to create a jurisdictional issue by filing another "new" claim in state court – even while the same claim is pending in federal court. Nothing could be more unreasonable in light of this Court's Orders.

Since the very beginning of this litigation, Bow Down has done nothing but delay and unilaterally initiate litigation in duplicative actions in a futile attempt to have its case heard in the Florida state courts. Indeed, the third-party action is the second action *filed by Bow Down themselves.* Despite the 2014 Case having been pending for three months, Bow Down brazenly thereafter filed the 2015 Case in state court and moved to dismiss the 2014 Case. When Mount Vernon successfully removed the 2015 Case to federal court, this Court denied Bow Down's Motion to Dismiss the 2014 Case because there was no pending state court action. Bow Down is now attempting a third bite at the choice of venue apple by filing a third party complaint—which is not currently removable due to a lack of diversity—and engaging Mount Vernon in the tired process all over again.[3] Such conduct violates, if not the letter of this Court's order, **certainly its spirit**.

---

[3] Notably, the third party complaint is not even properly pleaded as a third party cause of action, demonstrating all the more that this is merely a delay tactic and not a bona fide legal strategy.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

The parties have worked extremely hard to schedule eleven depositions throughout the months of May and June. The parties have worked together to draft a proposed Scheduling Order [D.E. 12] to provide for the speedy and efficient resolution of this matter. This Court even recently scheduled the trial of this matter [D.E. 19].[4] And finally, it bears repeating once more, that **this Court has already settled the issue of jurisdiction in this matter, despite Bow Down's repeated attempts at the same relief**. Pursuant to 28 U.S.C. § 2201, this Court has the discretion to hear declaratory judgment actions. This Court has already chosen to exercise its discretion, as evidenced by its prior Orders. Bow Down's attempt, once again, to have this case heard in a court which it deems to be more favorable should therefore be disregarded. Bow Down's frivolous Motion to Dismiss should be stricken, and this Court should exercise its inherent authority to sanction Bow Down for its conduct and enjoin it from filing any additional actions asserting declaratory relief.

WHEREFORE, Mount Vernon Fire Insurance Company respectfully requests this Court enter an Order providing as follows:

1. Bow Down shall immediately dismiss its third party complaint against Mount Vernon in the state court matter styled *Laterrance Reed v. Bow Down, Inc., et al.*, Case No. 2014CA012009, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

2. Strike Bow Down's Motion to Dismiss or Stay Counterclaim and Motion for Leave to Dismiss Main Action in this matter [D.E. 21] and Compel Bow Down to file an Answer to Mount Vernon's counterclaim;

---

[4] The parties are currently awaiting the notice of the scheduling conference by Magistrate Judge Brannon.

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 9:15-cv-80072-DMM

3.    Parties to the wrongful death action, including Bow Down, shall refrain from filing <u>any</u> additional declaratory judgment actions with respect to the instant claim and Mount Vernon's policy(ies) issued to Bow Down;

4.    Impose sanctions on Bow Down, including but not limited to attorneys' fees for its blatant disregard of this Court's authority;

5.    Appoint a special master to oversee discovery and ensure that the litigation of this matter proceed in an orderly fashion;

6.    Grant any further such relief that this Honorable Court deems just and appropriate.

### **Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned hereby certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

s/Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Stephen R. Gross
Fla. Bar No. 27849
Email: sgross@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 9:15-cv-80072-DMM

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Rory Eric Jurman  
Rory Eric Jurman

## SERVICE LIST

CASE NO. 9:15-cv-80072-DMM

Todd S. Stewart, Esquire  
Todd S. Stewart, P.A.  
824 West Indiantown Road  
Jupiter, FL 33458  
E-Mail: todd@trialcounselor.com;  
Alicia@trialcounselor.com  
Telephone: (561) 743-2002  
Facsimile: (561) 743-2009  
Attorney for BOW DOWN, INC.

4826-5209-6035, v.  1

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100