**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**Case No. 9:15-CV-80072-DMM**

BOW DOWN, INC., a Florida corporation,
        Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, a foreign company,
        Defendant.

_____/

**BOW DOWN'S REPLY TO MT. VERNON's RESPONSE TO**
**MOTION TO DISMISS OR STAY COUNTERCLAIM AND**
**MOTION FOR LEAVE TO DISMISS MAIN ACTION**

COMES NOW, the Plaintiff BOW DOWN, and files this Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss or Stay Counterclaim and Motion for Leave to Dismiss Main Action and as grounds state:

There are two motions at issue. First, BOW DOWN has moved to dismiss MT. VERNON's newly filed Counterclaim because federal jurisdiction over a declaratory relief action is discretionary, there is a pending parallel state court proceeding that will result in a complete adjudication of all the issues raised in the counterclaim and the issues involved in the counterclaim do not involve any questions of federal law or any other "uniquely federal" issues but rather will be decided under state-law contract principles. Second, BOW DOWN has moved to dismiss the main action because, once the counterclaim has been dismissed or stayed, judicial economy would best be served by having all issues resolved in one action before one judge.

Rather than reply directly to those Motions, MT. VERNON seeks to sidetrack the Court with vitriol, inapplicable arguments and by making essentially identical arguments to those it

THE LAW OFFICES OF TODD S. STEWART, P.A.

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

made previously[1] even though there is a glaring material difference - a point MT. VERNON

grudgingly concedes ("unlike the *last time* the parties litigated this issue, there is currently a pending

state court action" - Mt. Vernon Response at p. 3). BOW DOWN will address each of MT.

VERNON's arguments.

**The *Ameritas* Factors**

First are the *Ameritas* factors and what they portend.  With now a pending parallel state

action, the *Ameritas* factors all point to dismissal (or staying) the newly filed counterclaim. On

the first factor - state interest - Mt. Vernon takes contradictory positions. Without any supporting

case law, it initially argues contrary to Federal Court precedent[2] that Florida's interests are

minimal but then contradicts itself by suggesting that those "minimal" interests are so great that

MT. VERNON needs to be concerned about bias from the State Court Judge. It is without

question that Florida's interest is paramount. The incident in question occurred in Florida, the

relationship at issue was created in Florida, Florida law controls its resolution and MT.

VERNON's manufactured fear of unfair treatment in a Florida State Court has no foundation. In

favoring abstention, the *Mt. Hawley Ins. Co. v. Park Ave. At Metrowest, Ltd.,* No. 6:13-CV-556-

ORL, 2013 WL 6858946 (M.D. Fla. Dec. 30, 2013) Court found that when Florida law governs

the substantive issues presented (as here), Florida  has a substantial interest in having these issues

decided in state court. *See also Hartford Fire Ins. Co. v. Donahue,* No. 8:14-cv-829-T-30AEP,

---

[1] MT. VERNON's Response is virtually a cut-and-paste of its prior Response in Opposition to
Plaintiff's Motion for Remand (Case 9:15-cv-80072-DMM, DE 7), from page 11 onward.  The
reason it started copying at page 11 is that the material before that dealt with the *absence* of a
pending state court action.
[2] See BOW DOWN's Motion at p. 4.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

2

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

2014 WL 3643554, at *3 (M.D. Fla. July 23, 2014) and *Lincoln Ben. Life Co. v. Look,*

2:05CV0353-FTM, 2006 WL 3734331 at *4 (M.D. Fla. Dec. 15, 2006).

On the second factor - whether the federal forum will resolve the entire controversy -

MT. VERNON's argument ignores the over-lapping issues in the wrongful death action,

conflates the duty to defend and duty to indemnify, and falsely suggests that the facts are not in

dispute. On the latter point the issue is not, as MT. VERNON states, whether the decedent was

swimming. There is no policy exclusion for "swimming", but whether BOW DOWN was

engaged in an excluded activity is hotly contested. MT. VERNON unquestionably has a duty to

defend - "[i]f the allegations in the complaint state facts that bring the injury within the policy's

coverage, the insurer must defend regardless of the merits of the lawsuit."[3] - and "[a]n insurer's

duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is

in fact held liability in the underlying suit."[4][5]  Finally, the coverage issue - which revolves about

what the decedent was doing at the time of his death - is inextricably intertwined with the

liability issues of the underlying wrongful death claim - how the incident happened - so there is

an inherent potential for inconsistent adjudications. *Home Ins. Co. v. Gephart*, 639 So.2d 179

(Fla. 4th DCA 1994). Where issues over-lap, it is better practice for one judge to handle both

actions. *Penn Millers Ins. Co. v. AG-Mart Produce Inc.,* 260 Fed. App'x 175 (11th Cir. 2007)

(affirming dismissal of a federal declaratory action as the coverage facts over-lapped with the

---

[3]  *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).
[4]  *Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499, at *2 (S.D. Ala. Dec. 7, 2007).
[5] When the injured party is not involved in the declaratory action, there is always a concern of inconsistent adjudications. *Home Ins. Co. v. Gephart*, 639 So.2d 179 (Fla. 4th DCA 1994).

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

underlying liability facts.) Since there is now a parallel State Court action before the same judge,

this factor points to dismissal (or staying) the newly filed counterclaim.[6]

A federal declaratory action is not necessary to clarify the legal relations at issue – the

third factor - now that there is a parallel state court action. In addition, because of the overlap

between the wrongful death issues and the coverage issue, maintaining this case in federal court

could actually be detrimental. Where a "resolution of the declaratory judgment action may give

rise to complex res judicata issues that would not serve to clarify the legal relations of the

Parties[, . . . this] weighs in favor of dismissal." *Royal Caribbean Cruises, Ltd. v. Whitefield ex*

*rel. Martinez*, 664 F. Supp. 2d 1270, 1280-81 (S.D. Fla. 2009).

As to the fourth, procedural fencing factor, MT. VERNON is quick to lower the blame on

BOW DOWN for wanting to litigate in State Court. This seems strange coming from one who

seems to be trying at least as hard to litigate in Federal Court and who, having successfully

defended a motion to dismiss Federal I, turned around and dismissed that case, only to file a

mirror image counterclaim in Federal II.[7] Regardless of whether MT. VERNON's machinations

amount to procedural fencing, there is nothing in its maneuvering that would weigh in favor of

Federal Court jurisdiction.

---

[6] When an "action depends on certain factual issues pending before the state court, resolving [the declaratory] action could possibly result in complex *res judicata* issues. Therefore, if anything, this factor weighs in favor of dismissal." *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLL,* No. 11-60136-CIV, 2011 WL 2436693, at * 2 (S.D. Fla., June 14, 2011).

[7]  MT. VERNON dismissed Federal I because it had missed the Case Management deadlines and this Court denied a Motion for Continuance. Of course, that is not procedural fencing, at least not when it's MT VERNON's conduct; otherwise this would be a case of the pot calling the kettle black.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

4

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

The fifth factor - potential friction between federal and state courts and encroachment on state jurisdiction - exists if this case remains in Federal Court and is tried first. That is because of the over-lapping factual issues, something MT. VERNON repeatedly ignores with its silly claim that since there is no dispute that the decedent was swimming, all factual issues to coverage have been resolved.[8] It bears emphasis that swimming is not an excluded activity under MT. VERNON's Policy and whether BOW DOW was conducting excluded sports or interactive games is going to be a much contested issue. That issue is intimately intertwined with the liability issues in the wrongful death action, both of which are factually intense. MT. VERNON's argument that any federal/state friction is of BOW DOWN's making lacks persuasion since a state parallel action exists in every *Ameritas* analysis.

MT. VERNON's analysis of the sixth factor misses the mark, perhaps intentionally since there is little doubt that complete adjudication is a better remedy. The questions of what exactly the decedent was doing at the time he drown and what BOW DOWN'S role or responsibility might have been will turn on the discovered and adjudicated facts. This should be managed by one Judge. That ties into the seventh factor - whether the underlying factual issues are important to an informed decision in the declaratory judgment action.  Aside from once again repeating its silly claim that there is no factual dispute because everyone agrees the decedent was swimming, MT. VERNON offers no substantive argument. The factual issues of what activity was taking place will be determinative of the coverage issues.

---

[8]  This claim makes one wonder why MT. VERNON is attempting to take depositions in excess of the Rules.  See Rule 30(a)(2) and BOW DOWN's Motion for Protective Order Regarding Number of Depositions or Quash Subpoena [D.E. 30].

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

As to the eighth factor - whether the state court is in a better position to evaluate the factual issues - the answer is obvious. The State Court has all the parties before it and MT. VERNON has begrudgingly conceded that at least the "state court would be in the *same* position" to evaluate factual issues. (Response at p. 10). Finally as to the ninth factor, this case will be decided on the basis of Florida law; there is no applicable federal common or statutory law.  Where "[t]here are no federal legal questions at issue in the Federal Declaratory Action or the State Court Action… this factor [the Ninth] weighs in favor of dismissal." *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLL, supra.*at 2; *Lincoln Benefit Life Co. v. Look*, Case No. 2:05CV0353-FTM, 2006 WL 3734331, at *6 (Dec. 15, 2006). ("This factor unambiguously weighs in favor of abstention, because Lincoln Benefit's complaint raises state law issues exclusively and implicates state public policy, without any reference to federal common or statutory law.").

Taken together, the *Ameritas* factors all point to dismissal (or staying) of the counterclaim.

### The Inapplicable Arguments

Aside from the silly "swimming" argument, MT. VERNON also argues that the first-filed rule, which according to MT. VERNON this Court has a "duty" to apply, requires denial of BOW DOWN's Motion to Dismiss and authorizes issuance of an injunction because MT. VERNON's Federal Court action was first-filed.  It takes only a moment's thought to realize the absurdity of that argument. If it were so, the Eleventh Circuit should have never decided *Ameritas;* instead it should have discharged its "duty" and simply looked for which case was

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

first-filed.[9]  Indeed, if this is a binding rule of over 100 years duration, as MT. VERNON posits, one wonders why it has not made this argument in the State Court. And, taking MT. VERNON's argument to its logical conclusion, under its version of the law, the clerk of court could simply made ministerial decisions; there would be nothing for the Court to do.

Of course, the law is not as MT. VERNON wishes. The first-filed rule "applies to competing claims filed in separate federal courts, not competing federal and state court actions." *Mt. Hawley Ins. Co. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010). *See also Artmark Prods. Corp. v. Conbraco Indus.*, No. 11-20879-CIV, 2012 WL 1155132, at *2 (S.D. Fla. Apr. 5, 2012). "Where two actions involving overlapping issues and parties are pending in **two federal courts**, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. We are no exception." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (emphasis supplied).

Finally, whether the third-party complaint is properly filed (or subject to dismissal as MT. VERNON suggests, but has failed to act on) is not for this Court to decide.

### The Ignored Authorities

Finally, glaringly absent from MT. VERNON's Response is any response to the previous Orders of this Court attached as Exhibits to BOW DOWN's Motion to Dismiss. Those decisions were sound and based upon nearly identical facts.

---

[9]  The friction between state and federal courts that would engendered by the application  of such a rule would fly in the face of the fifth *Ameritas* factor, especially when injunctions started flying as they must in MT. VERNON's world.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

**Conclusion**

WHEREFORE, for the foregoing reasons, BOW DOWN respectfully requests that its

Motion to Dismiss or Stay Counterclaim and Motion for Leave to Dismiss Main Action be

granted.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2015, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being
served this day on all counsel of record or pro se parties identified on the attached Service List in
the manner specified, either via transmission of Notice of Electronic Filing generated by
CM/ECF or in some other authorized manner for those counsel or parties who are not authorized
to receive electronically Notice of Electronic Filing.

Respectfully submitted,

TODD S. STEWART, P.A.

_____
The Law Offices of Todd S. Stewart, P.A.
FL Bar No.: 0940674
824 West Indiantown Road
Jupiter, FL  33468
(561) 743-2002
Attorney for Plaintiffs
Primary: Todd@TrialCounselor.com
Secondary: Alicia@TrialCounselor.com

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

Reply to MT. VERNON's Response to Bow Down's Motion to Dismiss
or Stay Counterclaim and Motion for Leave to Dismiss Main Action
Case No.  9:15-CV-80072- MIDDLEBROOKS/BRANNON

**SERVICE LIST**
**BOW DOWN, INC. v. MOUNT VERNON FIRE INSURANCE COMPANY,**
**Case No.: 9:15-CV-80072-DMM**

**TODD S. STEWART, ESQ.**
The Law Offices of Todd S. Stewart,
P.A. 824 W Indiantown Road
Jupiter, Florida 33458
Todd@trialcounselor.com
Alicia@trialcounselor.com
*Via Electronic Mail and/or Regular U.S. Mail*

**ROBERT C. OKON, ESQ.**
Clarfield, Okon, Salmone & Pincus, P.L.
500 Australian Avenue South, Suite 730
West Palm Beach, FL 33401
Telephone: (561) 713-1400
Facsimile: (888) 449-3555
rokon@cosplaw.com
rhollingsworth@cosplaw.com
*Via Electronic Mail and/or Regular U.S. Mail*

**RORY ERIC JURMAN, ESQ.**
Fla. Bar No. 194646
Email: rjurman@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*
**AARON M. DMISZEWICKI, ESQ.**
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*
**STEPHEN R. GROSS, ESQ.**
Fla. Bar No. 27849
Email: sgross@fowler-white.com
*Via Electronic Mail and/or Regular U.S. Mail*

**FOWLER WHITE BURNETT, P.A.**
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

9
